Brassard, J.
INTRODUCTION
This case was before the court on July 21, 1998. The plaintiff brought a claim alleging violation of the Massachusetts Wiretap Statute, M.G.L.c. 272, Sec. 99. Defendant, Essex County (“Essex”), has moved for dismissal for failure to state a claim for which relief can be granted pursuant to Mass.R.Civ.P. 12(b)(6). For the reasons which follow, the defendant’s motion to dismiss is ALLOWED.
DISCUSSION
I. Allegations
The following facts are taken from the plaintiffs complaint:
From 1991 thru 1993, the defendants installed, programmed, maintained and employed an electronic intercepting device on the telephone system at the Essex County House of Corrections and Sheriffs Headquarters. The defendants eavesdropped upon plaintiffs telephone conversations.
Plaintiff alleges that these interceptions are in violation of M.G.L.c. 272, Sec. 99. Plaintiff claims that the defendants disclosed and used the content of the conversations to cause him physical, emotional and economic damage.
Plaintiff contends that Essex is a body politic and corporate of the Commonwealth of Massachusetts, subject to suit in accordance with M.G.L.c. 34, Sec. 1 and is a “person” within the meaning of M.G.L.c. 272, Sec. 99, subject to liability.
II. Standard of Review
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the well pleaded factual allegations of the complaint, as well as any inference which can be drawn therefrom in the plaintiffs favor. Fairneny v. Savogran Co., 422 Mass. 469, 470 (1996); Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). “[The] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
*177 III. Analysis
M.G.L.c. 272, Sec. 99Q states that “any aggrieved person whose oral or wire communication were intercepted, disclosed or used . . . shall have a civil cause of action against any person who so intercepts, discloses or uses . . .” M.G.L.c. 272, Sec. 9933(13) defines “person” as “any individual, partnership, association, joint stock company, trust, or corporation, whether or not any of the foregoing is an officer, agent or employee of the United States, a state, or a political subdivision of a state.”
The question before the court is whether Essex County falls within the meaning of “person” as set forth in the statute, or is immune from suit under the doctrine of sovereign immunity.
“The . . . [immunity] rule . . . creates an immunity, and establishes liability by exceptions.” Morash and Sons, Inc. v. Commonwealth, 363 Mass. 612, 621 (1973). “Consent to suit must be expressed by the terms of the statute, or appear by necessary implication from them.” Judge Rotenberg Educational Center, Inc. v. Commissioner of the Dept. of Mental Retardation (No. 1), 424 Mass. 430, 469 (1997). The rules , construction governing statutory waiver of sovereign immunity are stringent. Id.
Although Essex is “a body politic and corporate for the purposes of suit,” M.G.L.c. 34, Sec. 1, it is not a “person" within the meaning of M.G.L.c. 272, Sec. 99. That statute’s definition of “person” is broad, and includes an individual or corporation, whether or not the individual or corporation is an employee or agent of a governmental entity. The statutory definition does not, however, include a governmental entity as a “person."
ORDER
For the foregoing reasons, the defendant Essex County’s motion to dismiss is ALLOWED.